UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NATASHA DIXON | * CIVIL ACTION NO.: 24-0151 |
| | * |
| VERSUS | * |
| | * JUDGE S. MAURICE HICKS, JR. |
| VOLUNTEERS OF AMERICA SOUTH | * |
| CENTRAL LOUISIANA, INC., ET AL. | * |
| | * MAGISTRATE JUDGE HORNSBY |

## ANSWER AND DEFENSES

**NOW COMES** Defendant Volunteers Of America South Central Louisiana ("VOASCLA") which respond to the Complaint filed by Plaintiff Natasha Dixon as follows:

### INTRODUCTION

1.

VOASCLA denies the allegations contained in Paragraph 1 of the Complaint, except to admit that Dixon worked for VOASCLA, including in Support Coordinator and Assessor roles.

### JURISDICTION AND VENUE

2.

VOASCLA admits this Court has jurisdiction over this matter.

3.

VOASCLA admits the allegations contained in Paragraph 3 of the Complaint.

4.

VOASCLA admits that venue is proper in this Court.

## PARTIES

3.[1]

VOASCLA denies the allegations contained in Paragraph 3 of the Complaint, except to admit that Dixon is a Black female and commenced employment with VOASCLA in or around November 2021 in Shreveport, Louisiana.

4.

VOASCLA admits the allegations contained in Paragraph 4 of the Complaint.

4.

VOASCLA admits the allegations contained in Paragraph 4 of the Complaint.

5.

VOASCLA denies the allegations contained in Paragraph 5 of the Complaint.

6.

VOASCLA denies the allegations contained in Paragraph 6 of the Complaint.

## STATEMENT OF FACTS

5.

VOASCLA denies the allegations contained in Paragraph 5 of the Complaint, except to admit that Dixon commenced employment with VOASCLA in or around November 2021 in Shreveport, Louisiana.

6.

VOASCLA admits that Dixon was employed as a Support Coordinator responsible for coordinating services for clients under the Medicaid program. VOASCLA further admits that the general process for determining client eligibility involved assessments and care plans prepared in

---

[1]. The Complaint's numbering in the "Parties" section is not in sequential numerical order; however, for consistency and clarity, this Answer follows the numbering as set forth in the Complaint.

accordance with Louisiana Office of Aging and Adult Services ("OAAS") procedure. VOASCLA denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.

VOASCLA denies the allegations contained in Paragraph 7 of the Complaint.

8.

VOASCLA admits the allegations contained in Paragraph 8 of the Complaint.

9.

VOASCLA admits the allegations contained in Paragraph 9 of the Complaint.

10.

VOASCLA denies the allegations contained in Paragraph 10 of the Complaint.

11.

VOASCLA denies the allegations contained in Paragraph 11 of the Complaint. . . Assessments were completed in accordance with OAAS procedures and subject to state oversight.

12.

VOASCLA denies the allegations contained in Paragraph 12 of the Complaint. At all relevant times, VOASCLA acted in compliance with OAAS policies.

13.

VOASCLA denies the allegations contained in Paragraph 13 of the Complaint.

14.

VOASCLA denies the allegations contained in Paragraph 14 of the Complaint.

15.

VOASCLA denies the allegations contained in Paragraph 15 of the Complaint.

16.

VOASCLA denies the allegations contained in Paragraph 16 of the Complaint.

17.

VOASCLA denies the allegations contained in Paragraph 17 of the Complaint.

18.

VOASCLA admits that a meeting was held on or about January 18, 2023, but denies the remaining allegations in Paragraph 18 and specifically denies that they agreed there was any improper or fraudulent qualification of participants.

19.

VOASCLA admits that during the January 18, 2023 meeting, the discussion became contentious and that Dixon's two co-workers were at some point asked to leave the room, but denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.

VOASCLA denies the allegations contained in Paragraph 20 of the Complaint, except to admit that Dixon was advised that she would be reassigned from the Assessor role to Support Coordinator duties.

21.

VOASCLA denies the allegations contained in Paragraph 21 of the Complaint.

22.

VOASCLA denies the allegations contained in Paragraph 22 of the Complaint except to admit Plaintiff emailed Ms. Dorsey. The email is the best evidence of its content.

23.

VOASCLA denies the allegations contained in Paragraph 23 of the Complaint except to admit Plaintiff emailed Ms. Dobson. The email is the best evidence of its content.

24.

VOASCLA denies the allegations contained in Paragraph 24 of the Complaint, except to admit that Dixon was advised she would be reassigned to a Support Coordinator position, that the position had a different compensation structure, and that VOASCLA management communicated with OAAS and understood that the protocol being followed was consistent with state policies.

25.

VOASCLA denies the allegations contained in Paragraph 25 of the Complaint for lack of sufficient information to justify a belief therein, except to admit that Dixon complained to Ms. Ross and was referred to Ms. Amerson.

26.

VOASCLA denies the allegations contained in Paragraph 26 of the Complaint, except to admit Plaintiff emailed Ms. Amerson. The email is the best evidence of its content.

27.

VOASCLA denies the allegations contained in Paragraph 27 of the Complaint, except to admit that Dixon and Ms. Amerson spoke regarding Dixon's complaint.

28.

VOASCLA denies the allegations contained in Paragraph 28 of the Complaint, except to admit that Dixon spoke with COO Black.

29.

VOASCLA denies the allegations contained in Paragraph 29 of the Complaint.

30.

VOASCLA denies the allegations contained in Paragraph 30 of the Complaint.

31.

VOASCLA denies the allegations contained in Paragraph 31 of the Complaint for lack of sufficient information to justify a belief therein.

32.

VOASCLA denies the allegations contained in Paragraph 32 of the Complaint for lack of sufficient information to justify a belief therein.

33.

VOASCLA denies the allegations contained in Paragraph 33 of the Complaint.

34.

VOASCLA denies the allegations contained in Paragraph 34 of the Complaint.

35.

VOASCLA denies the allegations contained in Paragraph 35 of the Complaint for lack of sufficient information to justify a belief therein.

36.

. VOASCLA denies the allegations contained in Paragraph 36 of the Complaint for lack of sufficient information to justify a belief therein.

37.

VOASCLA denies the allegations contained in Paragraph 37 of the Complaint except to admit that Dixon never received any write-ups.

38.

VOASCLA denies the allegations contained in Paragraph 38 of the Complaint except to admit that following her separation, Dixon emailed Ms. Amerson. The email is the best evidence of its content.

39.

VOASCLA denies the allegations contained in Paragraph 39 of the Complaint.

## **CAUSES OF ACTION**

## **COUNT I**

40.

VOASCLA admits only that Dixon purports to assert a claim under the False Claims Act. VOASCLA denies all remaining allegations in Paragraph 40 of the Complaint and specifically denies that Dixon is entitled to treble damages, penalties, or any relief thereunder.

41.

VOASCLA denies the allegations contained in Paragraph 41 of the Complaint.

42.

VOASCLA denies the allegations contained in Paragraph 42 of the Complaint.

43.

VOASCLA denies the allegations contained in Paragraph 43 of the Complaint.

44.

VOASCLA denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT II

45.

VOASCLA incorporates its responses to Paragraphs 1-44 in response to Paragraph 45 of the Complaint.

46.

VOASCLA admits only that Dixon purports to assert a claim under the Medical Assistance Programs Integrity Law, which is the best evidence of its contents. VOASCLA denies all remaining allegations in Paragraph 46 of the Complaint and specifically denies that it violated said statute or that Dixon is entitled to any damages or penalties thereunder.

47.

VOASCLA denies the allegations contained in Paragraph 47 of the Complaint.

48.

VOASCLA denies the allegations contained in Paragraph 48 of the Complaint.

49.

VOASCLA denies the allegations contained in Paragraph 49 of the Complaint.

50.

VOASCLA denies the allegations contained in Paragraph 50 of the Complaint.

51.

VOASCLA denies the allegations contained in Paragraph 51 of the Complaint.

52.

VOASCLA denies the allegations contained in Paragraph 52 of the Complaint.

53.

VOASCLA denies the allegations contained in Paragraph 53 of the Complaint.

## COUNT III

54.

VOASCLA incorporates its responses to Paragraphs 1-53 in response to Paragraph 54 of the Complaint.

55.

VOASCLA denies the allegations contained in Paragraph 55 of the Complaint.

56.

VOASCLA denies the allegations contained in Paragraph 56 of the Complaint.

57.

VOASCLA admits that Dixon's requests for relief follow, but denies that she is entitled to any such relief.

## COUNT IV

58.

VOASCLA incorporates their responses to Paragraphs 1-57 in response to Paragraph 58 of the Complaint.

59.

VOASCLA denies the allegations contained in Paragraph 59 of the Complaint.

60.

VOASCLA denies the allegations contained in Paragraph 60 of the Complaint.

61.

VOASCLA denies the allegations contained in Paragraph 61 of the Complaint.

62.

VOASCLA admits that Dixon's requests for relief follow, but denies that she is entitled to any such relief.

63.

VOASCLA denies that Dixon is entitled to the relief she seeks, but admits she has demanded a trial by jury.

## **DEFENSES**

**AND NOW** in further answer to Dixon's Complaint, VOASCLA asserts the following defenses. By setting forth these defenses, VOASCLA does not assume the burden of proving any fact, issue, or element where such burden properly belongs to Dixon.

1.

All employment decisions concerning Dixon, including the termination of her employment, were based on legitimate, non-retaliatory, and non-discriminatory business reasons, including but not limited to insubordination, refusal to follow established procedures, and disruption of the workplace.

2.

At all times, VOASCLA acted in good faith and in compliance with applicable state and federal laws, regulations, and directives issued by the Louisiana OAAS. VOASCLA did not engage in, direct, or condone any conduct that would constitute Medicaid fraud or other unlawful acts.

3.

Dixon cannot establish a claim under the False Claims Act because she cannot prove that VOASCLA knowingly presented, or caused to be presented, any false or fraudulent claim for payment or approval to the United States Government.

4.

The conduct alleged by Dixon was performed in accordance with and under the direct supervision of the State of Louisiana and OAAS. The government's knowledge and approval of the procedures at issue negate any inference of fraud or falsity under both the False Claims Act and MAPIL.

5.

VOASCLA acted at all times in compliance with MAPIL. VOASCLA did not knowingly present, prepare, or submit any false or fraudulent claims for payment under the Louisiana Medicaid program, nor did they direct or condone any employee to do so.

6.

Dixon cannot establish that any alleged complaint or report of fraud was a contributing factor in the termination of her employment. Dixon's separation was for legitimate, non-retaliatory reasons wholly unrelated to any alleged whistleblower activity.

7.

Dixon's damages must be reduced to the extent she failed to mitigate them, including by not exercising reasonable diligence to obtain comparable employment.

8.

The fraud-based allegations fail to meet Rule 9(b)'s particularity requirements as to the who, what, when, where, how, and the what was obtained for any specific claim or payment decision.

9.

Dixon cannot show she engaged in protected activity because she cannot prove an actual violation of state law by VOASCLA, and any internal disagreement about practices, policies, or judgments does not constitute protected activity under the whistleblower statute.

**WHEREFORE**, VOASCLA prays that this Answer be deemed good and sufficient and that after due proceedings are had, the Court dismiss Dixon's claims, with prejudice and at her cost.

Respectfully submitted:

**ADAMS & REESE, LLP**

*/s/ Taylor P. Smith*
**ELIZABETH A. ROUSSEL, T.A. (#27943)**
**TAYLOR P. SMITH (#41421)**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Email: liz.roussel@arlaw.com
taylor.smith@arlaw.com

*Counsel for Defendant*